IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ST. LOUIS, | § | |
| | § | |
| Defendant Below, | § | No. 519, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0009015005 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 28, 2017
Decided:    May 9, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 9th day of May 2017, after careful consideration of appellant James St. Louis' opening brief, the appellee's motion to affirm, and the record below, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated October 5, 2016.[1]  The Superior Court did not err in summarily dismissing St. Louis' seventh postconviction motion under Superior Court Criminal Rule 61(d)(2).  St. Louis did not plead with particularity the existence of new evidence creating a strong inference that he was actually

---

[1] *State v. St. Louis*, 2016 WL 5864584 (Del. Oct. 5, 2016).

innocent of the underlying charges[2] or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review, applied to his case and rendered his convictions invalid.[3]  As a result of his failure to satisfy Rule 61(d)(2)(i) or (ii), St. Louis was not entitled to appointment of counsel or a hearing.[4]

In our November 24, 2014 order affirming the Superior Court's summary dismissal of St. Louis' sixth motion for postconviction relief, we warned St. Louis that we would not address repetitive claims.[5]  We also cautioned St. Louis to be mindful of Rule 61(j).[6]  Despite these warnings, St. Louis filed this appeal, which is again based on a motion for postconviction relief that fails to satisfy Rule 61(d)(2). We conclude that St. Louis' untimely, repetitive, and frivolous filings constitute an abuse of the judicial process.  In the future, the Clerk of the Court is directed to refuse any filings from St. Louis relating to his 2001 convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e) and that motion is granted by the Court. [7]

---

[2] Super. Ct. Crim. R. 61(d)(2)(i).

[3] Super. Ct. Crim. R. 61(d)(2)(ii).

[4] Super. Ct. R. 61(e)(4) (judge may appoint counsel for indigent defendant's second or subsequent postconviction motion only if judge determines that motion satisfies pleading requirements of Rule 61(d)(2)(i) or (ii)).

[5] *St. Louis v. State*, 2014 WL 7042290, at *1 (Del. Nov. 24, 2014).

[6] *Id.*

[7] 10 *Del. C.* § 8803(e) provides:

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. St. Louis is ENJOINED under 10 *Del. C.* § 8803 and this Order from filing a future notice of appeal or extraordinary writ concerning his 2001 convictions and sentences without first obtaining the Court's permission.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:
(1) The claims sought to be litigated have never been raised or disposed of before in any court;
(2) The facts alleged are true and correct;
(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
(5) The affiant understands that the affidavit is made under penalty of perjury.